## 45082. SANDERS v. THE STATE.
### (363 SE2d 554)

SMITH, Justice.

The appellant, Charlie Frank Sanders, was found guilty of murder and aggravated assault. We affirm.*

The appellant, family members, and friends were visiting and drinking in his sister's apartment. During the evening, the appellant was anxious and got up several times to look for cigarettes. At one point, he took his sister's son, who was visiting in the apartment, upstairs to show him a gun.

Later during the evening, while seated with the group, and for no apparent reason, the appellant jumped up and twice told his sister that he had something to show her. The sister who was rocking her baby to sleep looked up at him. The appellant drew a .22 caliber pis-

---

* The crime was committed on April 5, 1986. The Muscogee County jury returned its verdict of guilty on September 23, 1986. A motion to allow the appellant to file for out-of-time post conviction relief was filed and granted on October 5, 1987. Notice of Appeal was filed on October 5, 1987. The transcript of evidence was filed on October 7, 1987. The record was docketed in this court on October 9, 1987. The case was submitted on November 20, 1987.

tol from his pants and shot his sister in the head. Medical testimony indicated that the victim died of a gunshot wound to the head. Witnesses testified that there had been no arguments that evening. The evidence indicated that the appellant was in possession of marijuana, and he possibly had been smoking it that evening.

At trial, the appellant defended on the theory of involuntary intoxication. He alleged that a cousin put an hallucinatory substance in his drink. Testimony at trial contradicted the appellant's story.

1. Viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends the trial court erred in denying his motion for a drug test to determine if a drug, which he alleges caused him to involuntarily shoot his sister, was still in his system at the time of trial.

The appellant requested a blood test on the first day of the trial which was approximately five and a half months after the murder. The trial court did not abuse its discretion in denying the appellant's request for a blood test.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1988.

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.